IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRIAN PRUDE | § | |
| v. | § | CIVIL ACTION NO. 9:11cv176 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Brian Prude, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of disciplinary action taken against him during his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Prude complained of a disciplinary case in which he received 30 days of recreation and commissary restrictions but lost no good time. Prude also indicated that he believed that he was the victim of retaliation.

After review of the pleadings, the Magistrate Judge issued a Report on October 27, 2010, recommending that the petition be dismissed because Prude did not show the infringement of a constitutionally protected liberty interest. The Magistrate Judge also recommended to the extent that Prude's retaliation claim was separate and apart from his challenge to the disciplinary proceeding, this claim be dismissed because Prude wholly failed to meet the requirements of a retaliation claim.

Prude filed objections to the Magistrate Judge's Report on November 4, 2010. In his objections, he says that the charging officer, Steel, violated state law by writing a false disciplinary case, in that the case violated the TDCJ Officers' Rules of Conduct. Similarly, he says that the

1

disciplinary hearing officer, Captain King, violated state law by "covering up the false report" written by the charging officer.

Prude states that the retaliation stems from the fact that Steele works in an office with Lt. Sharp and Steel's ex-boss was Lt. Gulledge, both of whom were defendants in a lawsuit styled Prude v. Thaler, civil action no. 9:09cv98. The hearing officer was a defendant in that case also. Prude asserts that the disciplinary case prevented him from making parole in December of 2011, and notes that the office who graded the case, Major Fisher, had signed use of force documents which were part of both Prude v. Thaler and another lawsuit which he filed, Prude v. Brice, civil action no. 9:10cv1.

As the Magistrate Judge concluded, Prude's actions fail to show the violation of a protected liberty interest. Even if the case caused him to be denied parole, as he says, this does not implicate a constitutionally protected liberty interest; the Fifth Circuit has explained that there is no right to be released on parole in the State of Texas, nor any liberty interest in release on parole. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); *see also* Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995).

Nor has Prude shown any basis for a retaliation claim. Although he says that Sharp, Gulledge, and King were "defendants" in Prude v. Thaler, that case was a habeas corpus petition, which is brought solely against the custodian of the petitioner, which in that case was TDCJ-CID Director Rick Thaler; hence, none of these officers were "defendants" in that case. The sole named TDCJ defendant in Prude v. Brice was Alicia Brice; no other officers were sued in that case. The fact that Officer Steel worked in an office with Sharp and that Gulledge used to be Steel's supervisor does not show that Steel wrote the disciplinary case intending to retaliate against Prude. In order to maintain a retaliation claim, Prude must show that but for the alleged retaliatory motive, the incident complained of would not have occurred. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Neither Prude's pleadings nor his objections to the Report of the Magistrate Judge set out any such showing. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge (docket no. 4) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice, with such dismissal being without prejudice as to any retaliation claims which Prude may pursue in a Section 1983 lawsuit. It is further

ORDERED that the Petitioner Brian Prude is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **23** day of **January, 2012.**

_____
Ron Clark, United States District Judge